# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO.   1:11-cv-364-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>(ECF No. 9)<br><br>CASE SHALL REMAIN CLOSED |

Plaintiff Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 14, 2011, the Court found that, due to Plaintiff's litigation history, he was entitled to proceed in forma pauperis only if the alleged that he was in imminent danger of serious physical injury. Because Plaintiff's Complaint did not contain allegations sufficient to satisfy the imminent danger exception, the Court dismissed Plaintiff's Complaint without prejudice to Plaintiff refiling it contemporaneous with payment of the $350.00 filing fee. (ECF No. 5.) The case was closed. (ECF No. 6.)

Before the Court is Plaintiff's Motion to Reconsider arguing that the Complaint sufficiently alleged that he was in imminent danger of serious physical injury. (ECF No. 9.) "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already

considered by the Court in rendering its decision. <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court's ruling is inconsistent with <u>Ransom v. Scribner</u>, 1:06-cv-208-LJO-DLB in which the Court found that allegations regarding unclean barbering tools satisfied the imminent danger exception. The Court has reviewed the complaints filed in each case and finds them distinguishable. In the prior case, Plaintiff specifically alleged that he was forced to share barbering tools with a particular prisoner that the defendants knew was infected with hepatitis C, and that, after he cut himself with such tools, he contracted hepatitis C. (Case No. 1:06-cv-208, Complaint, ¶¶ 12-22.) In this case, Plaintiff vaguely alleges that "many prisoner who use the community barbering tools . . . are infected with contagious life threatening diseases" and that he is therefore in danger of re-contracting hepatitis C or another contagious disease. (Case No. 1:11-cv-364-LJO-MJS, Complaint, ¶¶ 30-35.)

The Court finds that the allegations in the operative Complaint in <u>this</u> case do not satisfy the imminent danger exception. Plaintiff has not shown that, at the time he filed the Complaint in this case, he faced a specific and imminent risk of serious physical injury. Moreover, Plaintiff has not shown that the Court's initial ruling that his claims did not meet the imminent danger exception was clear error, and has therefore not met his burden as the party moving for reconsideration. <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880. Plaintiff's disagreement with the Court's ruling is not sufficient grounds for relief from the order. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED with prejudice. This case shall remain closed.

IT IS SO ORDERED.

**Dated:   March 30, 2011**          /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE